**KERNEL KUTTER, INC., an Illinois corporation, Plaintiff-Appellant,**

v.

**FAWCETT PUBLICATIONS, INC., a Connecticut corporation, Defendant-Appellee.**

**No. 13005.**

United States Court of Appeals Seventh Circuit.

Dec. 6, 1960.

**676**

Thomas A. Reynolds, Jr., Edward J. Wendrow, Chicago, Ill. (Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel), for plaintiff-appellant.

Don H. Reuben, Chicago, Ill., Howard Ellis, George D. Newton, Jr., Chicago, Ill. (Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel), for defendant-appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

Kernel Kutter, Inc., an Illinois corporation, plaintiff, sued Fawcett Publications, Inc., a Connecticut corporation, in the district court. Count I of its complaint alleged libel, while amended count II thereof charged wrongful public disclosure of confidentially imparted trade information.

1. Plaintiff joined with defendant in the latter's motion to dismiss and strike count I of the complaint and agreed that count I failed to state a cause of action for libel. The court entered such an order. However, in its order, the court also dismissed amended count II on defendant's motion. From this part of the order (referring to amended count II), plaintiff has appealed.

Defendant has moved to dismiss the appeal, claiming that "the entire action is now barred by the trial court's dismissal 'with prejudice' of Count I of the complaint herein".

■ Defendant argues that plaintiff's complaint, as amended, discloses two legal theories upon which plaintiff contends it is entitled to a trial and damages upon the alleged operative facts. It adds:

"Count I avers that the alleged malicious publishing constituted the tort of libel, while amended Count II avers that the very same alleged malicious publishing constituted the tort of violating a confidence. But Kutter's dividing its claim for malicious destruction of business by a publishing into two counts does not thereby give it two causes of action."

By applying this reasoning, defendant contends that it is entitled to rely upon the doctrine of *res judicata* which precludes twice litigating the same cause of action. In 50 C.J.S. Judgments § 674, p. 120, the general rule is stated:

"Causes of action which are distinct and independent, although arising out of the same contract, transaction, or state of facts, may be sued on separately, recovery on one being no bar to subsequent actions on others."

■■ Count I charges libel., Malice is the gist of such an action. The cause of action set up in amended count II requires plaintiff to prove that defendant represented to it that the details of the bass fishing method which it proposed to advertise in defendant's publication would be kept in confidence, that the confidence was kept so long as plaintiff so advertised, that, when plaintiff ceased advertising, defendant, with intent to injure the plaintiff and for its own gain, revealed the method to the public generally.

Depending on the facts proved, the article could be libelous and yet not a violation of any confidential relationship. On the other hand, the publication of the article could violate a confidence reposed by plaintiff in defendant, although it were not libelous.

The Illinois statute of limitations for libel actions is one year, while the limitation period for an action such as described in amended count II is five years. §§ 14, 16, ch. 83, Ill.Rev.Stats.1959.

We hold that count I and amended count II assert distinct and independent causes of action and that the disposition by the district court on count I is not *res judicata* as to amended count II.

For these reasons the motion to dismiss the appeal is denied.

2. Briefly stated, these are the facts alleged in amended count II.

█ Since November 1956 plaintiff placed advertisements in defendant's publications, including True Magazine, which referred to a "strange Bass fishing method" sold by plaintiff. This method contained helpful, useful and valuable information for both novice and experienced bass fishermen. Although plaintiff's method was sold with a complete money-back guarantee, less than 12% of the purchasers thereof requested and received their money back.

By advertisements in defendant's publications and in other magazines, newspapers and periodicals, plaintiff sold over 25,000 copies of its method.

In accepting plaintiff's advertising, defendant knew that plaintiff would lose all benefit, advantage and value accruing to it from its method if the confidential method were divulged to the public generally.

Defendant accepted plaintiff's advertising as above alleged and agreed to keep the details of plaintiff's method in confidence, but notwithstanding the fore-going facts when plaintiff ceased advertising in defendant's publications in the spring of 1958, defendant knowingly and maliciously published, with intent to injure plaintiff, and for defendant's financial gain, an article which revealed said method to the public generally, having, while accepting the advertising, obtained a copy of the said method being sold by plaintiff. At the time of the publication of the article, defendant knew that the article referred to plaintiff's selling methods as they existed prior to November 1956, but it published that article in 1958 as if it accurately represented the claims made for the method in June 1958.

As a direct consequence of the June 1958 publication of said article and of the false statements contained therein, plaintiff lost all benefit, advantage and value accruing to it by reason of its having a method which had previously been sufficiently secret that many people were willing to pay money to learn of the method.

The article referred to is entitled:

"What's Behind The Great
Doodle-Socking Secret?
"By Emmett Gowen
"For $15 they bought the 'Amazing Method.' Limit catches of the biggest bass you ever saw, the ad proclaimed.
"But was it a come-on for fish or fishermen?"

The body of the article is reproduced in 12 pages of the printed appendix in this court. It purports to be a colloquy between the author and "an old fishing buddy", Squire Emmett Waldron.

█ The court's action in dismissing amended count II, on the ground that it fails to state a cause of action, requires that we examine the facts well pleaded therein, because, for our present purpose, they must be accepted as true. This examination reveals that as long as plain-

tiff continued to advertise its fishing method in defendant's publications, no disclosure was made of the nature of the method, but as soon as plaintiff ceased advertising, defendant published this information which it had obtained in confidence from plaintiff, and, after the publication of the article, plaintiff's business had been damaged. Under the facts so alleged defendant had no right to publish this article and thus reveal to the public generally information disclosed to it in confidence and which defendant knew was being sold by plaintiff through the advertising which had appeared in various of its own publications.

Of course defendant has a right to take issue with the facts alleged in the amended complaint and to have any questions of fact which it raises decided by the trier of the facts. However, the district court did not reach that stage in this proceeding. Not having filed an answer denying any of the allegations of amended count II, it is obviously premature for defendant to contend, as it does in this court, that the count is baseless, because as a matter of fact plaintiff had no secret knowledge and its method was in the public domain and hence it had no confidential information to disclose to defendant. This is emphasized by defendant's reliance on Victor Chemical Works v. Iliff, 299 Ill. 532, 132 N.E. 806. Iliff makes it clear that a defendant, who decides to take issue with the allegations of fact in a complaint, must file an answer, so that the evidence may be heard. In Iliff that was the method followed and the summary of the facts disclosed by the evidence occupies 8 pages of the court's opinion, 538 to 545 of 299 Ill., 808–811 of 132 N.E.

The district court erred in that part of its order dismissing amended count II of the complaint, and to that extent the order is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and Remanded With Directions.