**Mary B. MORAN**

v.

**PAINE, WEBBER, JACKSON & CURTIS.**
**Civ. A. No. 16–66 Erie.**

United States District Court
W. D. Pennsylvania.

Nov. 16, 1966.

On Motion for Summary Judgment
March 23, 1967.

James D. McDonald, Jr., Curtze, Gent & McCullough, Erie, Pa., for plaintiff.

John F. Potter, MacDonald, Illig, Jones & Britton, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff brings this action against a stock brokerage firm claiming jurisdiction under 15 U.S.C.A. § 77v (Securities Act of 1933), 15 U.S.C.A. § 78aa (Securities Exchange Act of 1934, and 28 U.S.C.A. § 1332 (diversity jurisdiction). The causes of action are stated in three counts. Count I avers transactions in violation of 15 U.S.C.A. § 77l, 15 U.S.C.A. § 77q and 15 U.S.C.A. § 78j; Count II alleges unauthorized sales of Plaintiff's securities in violation of the laws of the United States and the Commonwealth of Pennslyvania, but with no specification of a statutory or administrative regulation; and Count III alleges general acts of misrepresentation and misconduct in violation of the laws of the United States and the Commonwealth of Pennsylvania with no specifications.

Defendant moves to dismiss on the grounds that the matter is *res judicata*. In support of this motion, Defendant has filed the record of arbitration and state court proceedings to which we will refer herein.

In August 1963, Plaintiff entered into an Arbitration Submission Agreement with Defendant under which the parties agreed to submit "the matter in controversy between us and all matters, claims and counterclaims relating thereto" to binding arbitration under rules established by the New York Stock Exchange. Plaintiff submitted a written statement of claim setting forth eight factual matters to be arbitrated, which are essentially the factual bases pleaded in support of the present cause of action. Defendant filed a written reply. A hearing was held before the five arbitrators selected, and on October 30, 1963, the arbitrators issued a decision awarding plaintiff $1,564.05, and costs, in full and final settlement of the matter. No findings of fact and no opinion was issued.

In January 1964, Plaintiff filed in the Court of Common Pleas of Erie County, Pennsylvania, a "Petition for Modification of Award". The basis for this pleading was that the New York Statute under which the New York Stock Exchange conducted its arbitration procedure provided that a party may present a petition to court within 90 days for modification of an arbitration award if there was a miscalculation of figures by the arbitrators. Plaintiff's petition and four amended petitions were dismissed on the grounds that no miscalculation was shown and no evidence of improper conduct of the arbitrators was presented. The court further held that Plaintiff was free to elect to submit her present dispute to arbitration, and that she was bound thereby, although her original margin account agreement to submit all future disputes to arbitration was invalid as contrary to the non-waiver provisions of the Securities Act of 1933 (15 U.S.C.A. § 77n), as decided in Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

The matter was appealed to the Supreme Court of Pennsylvania which upheld the dismissal (Moran v. Paine, Webber, Jackson & Curtis, 422 Pa. 66, 220 A.2d 624 (1966)). In an extensive opinion that court considered all of the contentions advanced by Plaintiff. It found no barrier to the submission of an existing dispute to arbitration in the language of 15 U.S.C.A. § 77n. It determined that the rule of Wilko v. Swan, cit. supra, was limited to agreements to arbitrate future controversies and did not bar submission of an existing controversy. It also found that the same rule should be applied to the parallel non-waiver provisions of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78cc (a), citing Reader v. Hirsch & Co., 197 F.Supp. 111 (S.D.N.Y.1961). The court

also considered and disposed of plaintiff's remaining contentions that the submission to arbitration was not voluntary.

Plaintiff filed the present suit against Defendant in the United States District Court on February 11, 1966, and Defendant now moves to dismiss on the grounds that the matter is *res judicata,* involving the same parties and the same basic factual contentions as were set forth in the arbitration claim and the subsequent state court review.

██ Plaintiff claims that her present action is not so barred because it is based upon causes of action provided by Federal law. 15 U.S.C.A. § 77p, and 15 U.S.C.A. § 78bb, both provide that the rights and remedies provided by those Acts "shall be in addition to any and all other rights and remedies that may exist at law or in equity." We recognize that actions under both the Securities Act of 1933 and the Securities Exchange Act of 1934 are based on different elements from common law actions for fraud and deceit in the state courts, and that the same set of operative facts may give rise to separate causes of action. Kernel Kutter, Inc. v. Fawcett Publications, Inc., 284 F.2d 675 (7th Cir., 1960), and that these may be sued upon separately. In Lippmann v. Hydro-Space Technology, Inc., 235 F.Supp. 860 (D.C.N.J.1964), the court recognized this in dismissing the causes of action based on state law claims brought under diversity jurisdiction as being *res judicata* in prior state court action, and ruling separately under the claims brought under 15 U.S.C.A. § 77a et seq.

Plaintiff argues that her statement of claim to the arbitrators alleged misrepresentations and general mismanagement, and recited no violations of federal law, and that therefore the decision of the arbitrators was not based upon her separate causes of action under the federal statutes. Furthermore, Plaintiff asserts the entire lack of jurisdiction in either the arbitrators or the state courts to consider her claims.

██ We must first note that it is only as to the Securities Exchange Act of 1934 (15 U.S.C.A. § 78a et seq.) that the statute confers exclusive jurisdiction on the Federal Courts, 15 U.S.C.A. § 78aa. For causes of action arising out of violations of the Securities Act of 1933 (15 U.S.C.A. § 77a et seq.) 15 U.S.C.A. § 77v confers concurrent jurisdiction on the federal, state and territorial courts.

Plaintiff here has pleaded separate causes of action, those arising out of common law rights cognizable in this court under diversity jurisdiction, these under the Securities Act of 1933, cognizable in this court under concurrent jurisdiction, and those under the Securities Exchange Act of 1934 in which the jurisdiction is exclusively in the Federal Courts.

██ It is our opinion that as to all claims cognizable in the state courts, based upon common law rights, and all claims under the Securities Act of 1933, the Plaintiff has submitted her federal claims to a state tribunal freely and without reservation, has litigated them there, and has had them decided there. She is thus barred from a suit on the same claims in the Federal District Court. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The only avenue of appeal from the highest appellate court of a state where any right is set up or claimed under any statute of the United States is to the United States Supreme Court by writ of certiorari. 28 U.S.C.A. § 1257.

"And even though a question of federal law is presented in a case in a state court, if the court has jurisdiction of the subject matter and of the parties and after hearing enters judgment which is responsive to the issues and the judgment is affirmed by the highest court in the state, no court of the United States other than the Supreme Court on appeal or certiorari has jurisdiction to review, vacate, or annul such judgment. Even though it is contended that such a judgment involves a denial of federal rights, the question cannot be reviewed in the courts of the United States except on appeal or certiorari to the Supreme

Court. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832." Parnacher v. Mount, 207 F.2d 788, at p. 791 (10th Cir., 1953).

Therefore, to the extent that Plaintiff relies upon the lack of jurisdiction to overcome the defense of res judicata, this argument is valid only as to any cause of action pleaded under 15 U.S.C.A. § 78a et seq. We also note that any cause of action under 15 U.S.C.A. § 77l(2) is barred by the statute of limitations imposed by 15 U.S.C.A. § 77m.

Therefore, we believe the only remaining question is whether the Plaintiff is now free to assert a cause of action under 15 U.S.C.A. § 78a et seq. despite the submission of all claims arising out of the transaction to binding arbitration, and the subsequent court proceedings confirming the result.

15 U.S.C.A. § 78bb provides:

"(b) Nothing in this chapter shall be construed to modify existing law (1) with regard to the binding effect on any member of any exchange of any action taken by the authorities of such exchange to settle disputes between its members, or (2) with regard to the binding effect of such action on any person who has agreed to be bound thereby * * *"

The plaintiff agreed to submit the entire controversy to arbitration under the rules of the New York Stock Exchange, and to be bound thereby.

■ We do not take it to be the intention of Congress that such defenses as res judicata or estoppel are unavailable to a defendant facing a claim under § 78a et seq. A variety of cases has sustained defenses of this nature. "Estoppel and waiver are defenses to a civil action brought under sections 10(b) and 29(b) of the Securities Exchange Act of 1934." Royal Air Properties, Inc. et al v. Smith, 312 F.2d 210 (9th Cir., 1962). See also Carr v. Warner, 137 F.Supp. 611 (D. Mass.1955), Nash v. Warner, 137 F. Supp. 615 (D.Mass., 1955), and Goldenberg v. Bache & Co., 270 F.2d 675 (5th Cir., 1959). In the above actions, all brought under 15 U.S.C.A. § 78a et seq., the courts held the plaintiff estopped by a waiver of the right to bring action in the United States District Court.

Defendant has presented its defense of res judicata by a Motion to Dismiss under Rule 12. Williams v. Murdoch, 330 F.2d 745 (3rd Cir., 1964) gives authority for such a pleading. But in considering this defense under Rule 12 it has been necessary for Defendant to present and the court to consider matters outside the pleadings, the state court record.

■ While we are convinced that res judicata has application to all matters over which the state court had jurisdiction, it does not apply to claims under the Securities Exchange Act of 1934 over which the Federal Courts have exclusive jurisdiction.

■ Where matters outside the pleading are presented and not excluded by the court, the motion must, under Rule 12(b) (6), be treated as a motion for Summary Judgment and be disposed of as provided in Rule 56.

Defendant has filed its evidentiary material of matters outside the record in support of its motion. Opportunity to reply and answer has been afforded Plaintiff. Briefs have been filed and oral argument held before the court.

The court finds that with respect to the plea of res judicata, the facts of this action are not in substantial controversy. We find no jurisdictional barrier existed to the submission of Plaintiff's claims under state law or under the Securities Act of 1933 to either arbitration or to the state courts. We find that the state courts fully considered all of Plaintiff's claims and made a full and complete adjudication of all of them. In a series of opinions the Common Pleas Court considered and disposed of these matters, and on appeal the Pennsylvania Supreme Court set forth its decision in an extensive opinion.

Since we are limited by the pleadings to the defense of res judicata we make no findings on the claims asserted under the Securities Exchange Act of 1934 over

which exclusive jurisdiction remains in this court. The Defendant may by a proper responsive pleading raise such defenses as are available to those claims.

An appropriate Order will be entered granting partial summary judgment in accordance with this Opinion.

## OPINION

### On Motion for Summary Judgment

In our prior opinion in this case we held that the judgment of the state court, affirmed by the Pennsylvania Supreme Court in Moran v. Paine, Webber, Jackson & Curtis, 422 Pa. 66, 220 A.2d 624 [1966] was *res judicata* as to all claims over which the state courts had jurisdiction. These were plaintiff's claims on common law rights of action and claims under the Securities Act of 1933 [15 U.S.C. § 77a et seq.] over which the state and federal courts have concurrent jurisdiction. [15 U.S.C. § 77*l*]. We granted defendant's motion to dismiss as to these claims.

■■■ We held the state court judgment not *res judicata* as to any claims raised by plaintiff under the Securities Exchange Act of 1934 [15 U.S.C. § 78a et seq.] because Section 27 of that Act [15 U.S.C. § 78aa] grants exclusive jurisdiction to the federal courts over suits to enforce any liabilities created by that Act. It is essential for a judgment operating as a conclusive determination of a cause of action that the court rendering it be a court of competent jurisdiction.

" * * * state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts." Grubb v. Public Utilities Comm., 281 U.S. 470 at p. 476, 50 S.Ct. 374, 377, 74 L.Ed. 972 [1930].

The fact that the plaintiff here originally invoked the jurisdiction of the state courts does not preclude her from questioning its jurisdiction of the subject matter when its judgment is asserted as

*res judicata.* 30 Am.Jur. Judgments § 357, citing Grubb v. Public Utilities Comm., supra.

Defendant now moves for summary judgment on the whole record on the grounds that plaintiff is barred by waiver and estoppel because of plaintiff's submission of all her complaints against defendant to binding arbitration. The defendant submits the entire state court proceedings, and certain supporting correspondence of plaintiff in support of the motion. Plaintiff submits an affidavit in answer to the motion in which she asserts that she could not have made an "informed choice" to have her claim concluded by arbitration because she had no knowledge of the federal remedies available to her exclusively in the federal courts under the Securities Act of 1934.

■■■ The waiver here is an express waiver and we find no bases for the application of the defense of estoppel, in which a waiver is constructed out of the actions of the parties and the damage to the party who relied upon such actions. There has been shown no reliance by defendant upon plaintiff's conduct to its injury. Royal Air Properties Inc. v. Smith, 333 F.2d 568 [9th Cir., 1964].

■■■ Is the present matter suitable for summary judgment? The evidentiary material before us now includes the entire state court record, including the arbitration submission agreement, the plaintiff's statement of claim as submitted to the arbitrators, and the award. We have copies of the plaintiff's correspondence with the defendant, and with the New York Stock Exchange and the United States Securities and Exchange Commission. Plaintiff has filed her affidavit in opposition to the motion. We must assume that plaintiff, in opposing the motion, has placed all relevant matters before us in accordance with the mandate of Fed.R. of Civ.P. 56(e):

"When a motion for summary judgment is made and supported as provided in the rule, an adverse party may not rest upon the mere allegations or

denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We will consider all of the record before us in the light most favorable to the plaintiff, who opposes the motion. United States v. Diebold Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 [1962]. Nevertheless, the contention of plaintiff that she did not voluntarily submit her claims to arbitration because she had no knowledge of her remedies in a court of law is directly refuted by documentary evidence of record here. Both the New York Stock Exchange and the Securities and Exchange Commission had advised her of her recourse in court, a fact which she related in her own correspondence to the defendant. Plaintiff raised the same contention in the state courts, and it was specifically refuted. "Evidence of record directly refutes this contention." 422 Pa. at p. 71, 220 A.2d at p. 627. We have before us even more evidentiary material on this matter than is contained in the state court record, additional correspondence having been filed.

Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 [1953], which held agreements for *future* arbitration of disputes arising under the Securities Act of 1933 [15 U.S.C. § 77a et seq.] void as contrary to the restrictions on waiver of that Act, [15 U.S.C. § 77n] did not hold that this barred submission of existing controversies to arbitration.

"While the Securities Act does not require petitioner to sue, a waiver in advance of a controversy stands upon a different footing." 346 U.S. at p. 438, 74 S.Ct. at p. 188.

The concurring opinion of Mr. Justice Jackson is even more explicit:

"I agree with the Court's opinion insofar as it construes the Securities Act to prohibit a waiver of a judicial remedy in favor of arbitration by agreement before any controversy arose. I think thereafter the parties could agree on arbitration." 346 U.S. at p. 438, 74 S.Ct. at p. 189.

The contention that plaintiff did not waive the right to a federal forum under the 1934 Act is the same argument she raised in the state courts with regard to waiver of the judicial forum. The Pennsylvania Supreme Court rejected it, adopting the following language, which we believe applicable here.

" 'Nor should a submission be invalid as a waiver of the judicial forums made available by the Act. A submission, like the filing of a complaint, initiates proceedings to dispose of a particular claim. It would seem that the mandate of the nonwaiver clause [15 U.S.C. § 77n] is to leave open the defrauded investor's choice of forums and recovery methods until he is ready to begin proceedings * * * Binding election of a permissible remedy, be it litigation, settlement, or arbitration, should be valid when the action taken actually sets in motion the machinery which will decide the dispute.' Note, 62 Yale L.J. 985, 994, 995 (1953)." 422 Pa. at p. 70, 220 A.2d at p. 627.

We conclude, therefore, that plaintiff's contention is both unsupported by the record before us, and is insufficient in law as a defense.

We hold that there is nothing in the Securities Exchange Act of 1934 [15 U.S.C. § 78a et seq.] to prohibit the submission of *presently existing controversies* arising under it to arbitration. While Wilko v. Swan, supra, was decided under the provisions of the Securities Act of 1933, Reader v. Hirsch & Co., 197 F. Supp. 111 [S.D.N.Y.1961] applied the same rule against agreements to arbitrate future controversies applicable under the Securities Exchange Act of 1934. However, it also limited its holding to future controversies. "The holding in this opinion is not intended to suggest that arbitration is not available where an existing dispute is, upon the consent of

the parties, submitted to arbitration." 197 F.Supp. at p. 117.

We believe that defendant's position is further supported by both the Securities Exchange Act of 1934 and the United States Arbitration Act [9 U.S.C. § 1 et seq.].

The Securities Exchange Act of 1934 provides:

[15 U.S.C. § 78bb]

(b) Nothing in this chapter shall be construed to modify existing law (1) with regard to the binding effect on any member of any exchange of any action taken by the authorities of such exchange to settle disputes between its members, or (2) with regard to the binding effect of such action on any person who has agreed to be bound thereby." * * *

The United States Arbitration Act provides:

[9 U.S.C. § 2]

" * * * or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Agreements to arbitrate claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 are subject to the provisions of the United States Arbitration Act except for the limitation as to *future* controversies. See Wilko v. Swan, supra, and Reader v. Hirsch & Co., supra.

Plaintiff now raises the contention that defendant's motion for summary judgment is tantamount to a motion to confirm the arbitration award and allows her now to present the defenses which must be raised in such a proceeding. Under the United States Arbitration Act a party objecting to an arbitration award must move to vacate within three months of the award [9 U.S.C. § 12], or in the alternative it may use the statutory grounds for vacation in opposition to a motion to confirm brought by the other party within one year of the award. See The Hartbridge, 57 F.2d 672 [2nd Cir., 1932]. Plaintiff has not presented any of the statutory grounds for vacating the award in her complaint or in her answer to the motion for summary judgment. The award was made on October 30, 1963, and within the three months period plaintiff presented her petition to modify and/or vacate the award to the Court of Common Pleas of Erie County, Pennsylvania. This was the proceeding ultimately leading to the determination of the Pennsylvania Supreme Court in 422 Pa. 66.

It appears to us that plaintiff's argument is based on the general rule that executory contracts containing an agreement to refer all disputes to arbitration cannot oust the Courts of jurisdiction. Yet, if the parties have, before instituting suit, proceeded with arbitration to the point of an award, then the award is binding subject to any attack for fraud or mistake. Any subsequent suit must be based upon the award and not the original claim. See: 6 C.J.S. Arbitration and Award § 33; 3 Am.Jur. Arbitration and Award Sections 30 and 31. This is so even where the rights claimed arise under Federal Statute. Rhine v. Union Carbide Corporation, 343 F.2d 12, 16 (6th Cir., 1965). U. S. A. for the use of Industrial Engineering v. Eric Elevator Corp., 214 F.Supp. 947 (D. Mass.1963). Even under the exclusive admiralty and maritime jurisdiction of the Federal District Courts, an agreement to arbitrate, valid under maritime law, may be enforced in the state courts. Red Cross Line v. Atlantic Fruit Company, 264 U.S. 109 [1924].

" * * * it is settled law that where the parties have executed the arbitration agreement by proceeding with the arbitration and obtaining an award, the award is binding, subject to attack for fraud or some vitiating defect in the proceedings." Grant v. Atlas Powder Co., 241 F.2d 715 (6th Cir., 1967)

In summary, we find that plaintiff agreed to submit all her controversies with defendant to binding arbitration. An award was made. Pursuing

582

the judicial remedies under the New York state arbitration act under which the arbitration was conducted. She attacked the arbitration award by a proceeding to vacate in the Pennsylvania Courts. This was dismissed. She does not now attack the arbitration award in this Federal Court proceeding, but attempts to assert her claim anew under the Securities Exchange Act. We believe the plaintiff is now barred from attacking the arbitration award by the doctrine of collateral estoppel by judgment, "established as a procedure for carrying out the public policy of avoiding repetitious litigation." Partmar Corp. v. Paramount Corp., 347 U.S. 89 at p. 91, 74 S.Ct. 414 at p. 416, 98 L.Ed. 532 (1954).

We do not deem it necessary to cite the great body of authority which expounds on the Congressional policy favoring arbitration. The scope and extent of judicial construction of the Act is exhaustively analyzed by Judge Medina in Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2nd Cir., 1959). It was there held that Congress, in making such agreements to submit existing controversies "valid, irrevocable and enforceable", created substantive federal · law and that "the rights thus created are to be adjudicated by the federal courts whenever such courts have subject matter jurisdiction, including diversity cases * * * (This jurisdiction) * * * encompasses questions of interpretation and construction as well as questions of validity, revocability and enforceability of arbitration agreements affecting interstate commerce or maritime affairs, since these two types of legal questions are inextricably intertwined." 271 F.2d at p. 409.

> The recasting of Plaintiff's claim in other language in no way dilutes the conclusiveness of the prior determination against the Company in the instant proceeding. Brown v. Bridgeport Rolling Mills Co., 245 F.Supp. 41 (D.Conn., 1965).

Summary judgment may appropriately be entered in such a proceeding. Idem. pp. 46–47, f. n. 8.

We, therefore, find that plaintiff has submitted all claims against defendant to binding arbitration, that the arbitrators have made an award, and that plaintiff has sought review of that award in the state courts under the provisions of the arbitration statute of the State of New York. This court has jurisdiction of the subject matter of the claim, as well as diversity jurisdiction. We find that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law that the arbitration award is binding and bars plaintiff's present claim.