330 So.2d 211 (1976)
COMMUNITY NATIONAL BANK & TRUST CO., and Bache & Co., Inc., Appellants,
v.
Joseph VIGMAN et al., Appellees.
Nos. 75-1543, 75-1558.
District Court of Appeal of Florida, Third District.
April 6, 1976.
Rehearing Denied April 26, 1976.
*212 Mershon, Sawyer, Johnston, Dunwody & Cole and H. Michael Madsen, Fowler, White, Burnett, Hurley, Banick & Knight and Thomas E. Ashe, Miami, for appellants.
Horton, Perse & Ginsberg, Dunn & Johnson, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
These interlocutory appeals by the defendants are from an order denying their *213 motions to dismiss the second amended complaint for want of jurisdiction. The ground urged in the trial court by the defendants, and reasserted by them here is that the action is predicated on a liability or duty created by the Securities Exchange Act of 1934, and therefore would be maintainable only in a United States district court. We find merit therein, and reverse.
An initial complaint filed by the appellees on January 12, 1973, against Community National Bank & Trust Company, herein referred to as the bank, and Bache & Co., Inc., herein referred to as the broker, was dismissed with leave to amend, by a consent order.
The first amended complaint alleged that a meeting of the plaintiff Joseph Vigman and representatives of the bank and the broker resulted in an arrangement whereby the bank lent large sums of money to Vigman on certain designated dates in 1968 and 1969 to be used for the purchase of securities through the broker; that the loans were evidenced by demand notes; that the amounts loaned by the bank to Vigman were so used, and the securities thus purchased were delivered to and held by the bank as collateral for the loans. It was alleged that the loans made for such purpose and the purchases of securities therewith were, and were known by defendants to be in violation of the margin limitations or credit restrictions imposed by the Securities Exchange Act of 1934 and regulations promulgated thereunder, citing 15 U.S.C.A., § 78a, and regulations T and U, 12 C.F.R. 220-221; that some of the securities purchased through the broker with said loan monies had been acquired in the names of the other plaintiffs, relatives of Joseph Vigman; and that "due to fluctuations in the market" losses were sustained which the plaintiff sought to recover from the defendants.
The defendants answered, and each filed a motion to dismiss for want of jurisdiction, on the ground mentioned at the outset of this opinion. The defendants motions to dismiss were granted, and an order was entered dismissing the amended complaint with leave to file a second amended complaint.
The subsequently filed second amended complaint repeated the allegations as to the meeting, and the arrangement by which registered securities were purchased through the broker with sums loaned by the bank to Vigman for that purpose, with the purchased securities pledged to the bank as collateral for the loans.[1]
In place of the allegation in the first amended complaint that the activities of the bank and the broker incident to the purchase of the securities were in violation of the Securities Exchange Act of 1934 and regulations thereunder, it was alleged in the second amended complaint that such activities were not "customary and ordinary", and that because of a decline in value of the securities purchased losses were sustained by plaintiff.
Additionally it was alleged that such activity of the bank constituted a fraud on plaintiffs, and that the loans by the bank were made for the purpose of increasing the bank's business and to gain the profit to be derived therefrom. Regarding the defendant broker it was alleged the broker stood in a fiduciary relationship to the customer *214 and was negligent by recommending purchases of securities on that risky basis, and did so for the purpose of promoting increased trading to create commissions. Included was a count by which the plaintiffs sought to rescind the bank loans as having been made in violation of Chapter 517, Fla. Stat., F.S.A. relating to Sale of Securities. In connection therewith no offer was made by the plaintiffs to return the parties to the status quo.
Although not expressly so alleged, the complaint furnishes basis to infer that after the purchased securities which were held as collateral for the loans declined in value, the loans were called, the devalued collateral was sold and proceeds thereof applied in part payment of the bank loans, leaving certain balances on the loans owed to the bank, which represented the losses sustained by the plaintiffs on their investments, for which plaintiffs sought recovery from the defendants. The defendants moved to dismiss the second amended complaint for want of jurisdiction in the state court to entertain the action. Their motions to dismiss were denied and these interlocutory appeals by the defendants ensued.[2]
In the Securities Exchange Act of 1934 (15 U.S.C.A., § 78g), for the "purpose of preventing the excessive use of credit for purchase or carrying of securities", a limit was placed on the percentage of the cost or value of securities for which credit could be extended to a customer dealing in registered securities on margin (fixed by the Act at 55% with some exceptions, and with authority conferred on the Board of Governors of the Federal Reserve system to vary the same from time to time, by promulgated regulations). Violation thereof by a broker was made unlawful by subsection (c) of § 78g, and by subsection (d) of § 78g it was made unlawful for a bank to extend or maintain credit to one in excess of such limitation, for the purchase or carrying of any security.
Section 78aa of Title 15 U.S.C.A., relating to "Jurisdiction of Offenses and Suits", provides that the United States district courts have exclusive jurisdiction of violations of the chapter or the rules and regulations thereunder, and of "all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder".
Section 78bb of Title 15 U.S.C.A. states that "The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity".
The procedure in which the parties participated in the security purchases by the plaintiffs avoided and circumvented the excessive credit and margin limitation provisions of the Securities Exchange Act of 1934 applicable to the bank and the broker, and served to enable the customer to purchase securities on a basis equivalent to 100% margin. Plaintiffs chose to invest in the securities on that high risk basis, rather than by a safer method of investment in accordance with and observance of the investor-protective provisions of the Securities Exchange Act of 1934, and its regulations. Obviously the plaintiffs were gambling on a rise in the market value of the securities they purchased in that unprotected manner.
The determinative question as to the existence or non-existence of jurisdiction in the state court is whether the basis on which plaintiffs sought to recover for their investment losses was by reason of the defendants' participation in the stock *215 purchases in certain respects which were in violation of the provisions of the Securities Exchange Act of 1934 and its regulations, relating to excessive credit and margin in stock purchases (although the federal act was not cited in the complaint), in which event the state court would be without jurisdiction;[3] or whether by the second amended complaint the plaintiffs stated causes of action against the defendants for recovery of their said losses, for violation by the defendants of duties imposed on them by existing law, apart from and not related to the liability of the defendants which may exist from their activities with reference to the transaction which were violations of provisions and duties under the Securities Exchange Act of 1934 and regulations thereunder, in which case the state court would have jurisdiction.
On consideration of the arguments of the opposing parties with reference to the foregoing, we find merit in the contention of the appellants that the second amended complaint represents an effort by the plaintiffs to recover from defendants for violations and breach of duties created and imposed on defendants by the Securities Exchange Act of 1934 with reference to the stock purchases, and does not separately state a cause of action, upon which the defendants could be held responsible to the plaintiffs' for the losses on their investments, for breach by defendants of any duty imposed on them by existing law apart from liability under the federal act, for their conduct in the matter. Therefore, the state court was without jurisdiction to entertain such action.
Aside from the cause of action against the defendants because of violation of provisions of the Securities Exchange Act of 1934 and regulations thereunder, the other matters alleged against the defendants in the second amended complaint were not separately actionable. Most were linked to the violations of the federal act.
For a bank to engage in making loans to a customer in furtherance of the bank's business and for profit is not a violation of any duty imposed by "existing law" or by the common law. The allegation that making loans to the plaintiffs for the purpose of purchasing registered securities was a fraud upon them by the bank was not accompanied by allegations of circumstances constituting fraud. Rule 1.120(b), F.R.C.P.
The claim presented in the second amended complaint that the broker was liable to the plaintiffs for facilitating plaintiffs' purchases of registered securities in the method utilized and the bare allegations that the broker was a fiduciary and that its recommendation of securities for purchase was negligent, were insufficient to state a cause of action independent of the violations of the federal act.
The allegation, as to certain of the purchased securities (not described, that the broker guaranteed they would be sold at a profit was insufficient. That could not reasonably be construed as a guarantee that there would not be any fluctuations in the market value of such securities. It was not alleged that any time limit was fixed, or that the securities could not have been sold at a profit if they had been kept by plaintiffs, as they could have been if plaintiffs had not failed to furnish needed additional *216 collateral to prevent the pledged securities from being disposed of upon forced sale by the bank at a time when they were devalued due to a fluctuation in the stock market.
Likewise the claim of liability against the broker for having so acted in the transactions for the purpose of increasing its business to create commissions, that is, for "churning", had reference to a matter which would be a violation of the Securities Exchange Act of 1934, the jurisdiction for action upon which would be in the United States district courts.
If the broker violated a duty by permitting its customer to purchase securities through it on the basis of excessive credit extended by the bank, its liability therefor, if any, was not created by existing law, aside from the Securities Exchange Act of 1934.
No cause of action was stated against the bank for rescission of the loans. The conduct of the bank in the transactions was not in violation of the state statute referred to in the complaint (Ch. 517, Fla. Stat., F.S.A.). By § 517.25 thereof jurisdiction in the state court over civil suits instituted in connection with sale of securities exists only when "not in conflict with the Constitution or laws of the United States". Therefore, to the extent that the transactions involving excessive credit or undercollateralized loans made by the bank for the purchase of the securities are relied on as a basis for action against the bank under the cited Florida statute, there would be no jurisdiction therefor in the state court, because it would be in conflict with the federal law whereby action therefor is maintainable only in the federal courts.
Accordingly we hold the defendants' motions to dismiss the second amended complaint for want of jurisdiction should have been granted. The order denying those motions is reversed.
NOTES
[1] In illustration thereof the following was alleged:

"6. In practice the tripartite arrangement between the Plaintiffs and the Defendants, BACHE AND CO., INC., and COMMUNITY NATIONAL BANK AND TRUST CO., worked as follows: If the Plaintiffs purchased $100,000.00 worth of stock on a given day, a bank would put up the money as a loan requiring Mr. Vigman to sign demand notes; Mr. Vigman would place his order for stock purchases with BACHE AND CO., INC., which would acquire the stock and deliver same to the bank as collateral for the loan or, in the alternative, would give the bank a "letter of intent" guaranteeing that the stock acquired with the borrowed money would be delivered to the bank as collateral for said loan."
[2] In addition to filing the interlocutory appeals the defendants filed a suggestion in prohibition and petitions for certiorari. The latter were dismissed by this court, leaving the appeals pending. Jurisdiction for these appeals from the interlocutory order denying defendants' motions to dismiss rests on the tenuous ground that the inclusion in one count of a claim for rescission gave the action the character of one formerly cognizable in equity. See Rule 4.2a, F.A.R.
[3] Where the facts disclosed in a complaint show the action is predicated on defendants' violations of restrictions or duties imposed by the Securities Exchange Act of 1934 or regulations thereunder, the failure of the complaint to refer thereto or expressly to charge the defendants with the violations thereunder, will not operate to avoid the provision of the federal act by which jurisdiction for any action so founded lies exclusively in the United States district courts. Webster v. Steinberg, 1968, 84 Nev. 426, 442 P.2d 894; Herron Northwest, Inc. v. Danskin, 1970, 1 Wash. App. 818, 464 P.2d 435 (reversed on other grounds, Wash., 476 P.2d 702). Cf. Johnson v. McNeill, 151 Fla. 606, 10 So.2d 143.