PEARSON, Judge.
The appellants, Shearson Haydon Stone, Inc., and Ronald Deblinger, were sued by the appellee, Cheri Sather, upon an allegation that Deblinger, as account executive, mishandled the appellee’s account by manipulating it in order to produce commissions resulting in substantial losses to the account. The appellants moved to dismiss the complaint upon the ground that the state courts do not have jurisdiction for this type of action, inasmuch as it involves violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and that such actions are pre-empted to the federal courts by the terms of that act. The motion to dismiss was granted with leave to amend and the appellee thereafter filed the same complaint, adding a paragraph[1] stating that the actions of the appellants amounted to fraud and that because of the malicious nature of the fraud, the appellee was entitled to recover punitive damages. Appellants then filed a motion to dismiss upon the same grounds they had previously urged and the court denied the motion. The denial of that motion is the principal issue on this appeal.
In Community National Bank & Trust Co. v. Vigman, 330 So.2d 211 (Fla.3d DCA 1976), this court had the same issue for decision. In that case, the first complaint alleged violations of the Securities Exchange Act of 1934. When that complaint was dismissed, an amended complaint was filed which did not base the claim for recovery on a violation of the act but alleged the same factual situation. One of the violations of the Securities Exchange Act of 1934 dealt with in the Vigman case was the “over trading” of the plaintiffs’ account for the purpose of creating commissions. This is essentially all that was alleged in the complaint now before us. In Vigman, we held that where the facts disclosed in the complaint showed the action to be predicated upon violations of restrictions or duties imposed by the Securities Exchange Act of 1934 or regulations thereunder, the failure of the complaint to refer thereto would not operate to avoid the provisions of the federal act under which jurisdiction for such actions lay exclusively in the United States District Courts. Acting thereupon, we held:
“Likewise the claim of liability against the broker for having so acted in the transactions for the purpose of increasing its business to create commissions, that is, for ‘churning’, had reference to a matter which would be a violation of the Securities Exchange Act of 1934, the jurisdiction for action upon which would be in the United States district courts.”
We hold, therefore, that it was error for the trial court to deny the appellants’ motions to dismiss the amended complaint, and that the complaint must be dismissed without prejudice to the appellee’s right to proceed in the federal courts.
Having reached the conclusion that the trial court lacked subject matter jurisdiction of this cause, we need not proceed with appellants’ points urging that punitive damages are not allowable under the facts proved, and that the compensatory damages are in an amount not supported by the evidence.
The judgment is reversed and the cause remanded with directions.

. The paragraph added is as follows:
“The actions of the Defendants, in trading the account for the purpose of producing commissions, rather than acting in your Plaintiffs behalf, is and was a fraud upon your Plaintiff at common law entitling your Plaintiff to recover and because of its willful and malicious nature, is such a fraud as entitles your Plaintiff to punitive damages.”