BARKDULL, Judge.
Ronald Markham, et ux., plaintiffs in the trial court, take this interlocutory appeal from an order denying their motion to set aside a final judgment entered in favor of the appellee after a jury trial.
The Markhams filed suit against their former broker for several counts of fraud, misrepresentation and negligent conduct in connection with the purchase and sale of *710 certain securities. The Markhams contended that the appellee’s actions constituted securities fraud, pursuant to Section 517.-301, Florida Statutes (1977), and sought rescission of certain transactions, pursuant to Section 517.21, Florida Statutes (1977).
The case went to trial and no challenge of the court’s jurisdiction was made until after the final judgment was entered. When the jury returned with a vérdict in favor of the appellee-defendant, the trial court entered a final judgment thereon. The appellants then moved to vacate the final judgment, on the ground that the trial court had no jurisdiction over the cause under the authority of Shearson Haydon Stone, Inc. v. Sather, 365 So.2d 187 (Fla.3d DCA 1978).[1] The trial court entered an order denying the motion to vacate the final judgment, and this interlocutory appeal followed.
We affirm. The trial court had jurisdiction over the claim, under Section 517.21, Florida Statutes (1977), by customers that a brokerage firm negligently handled their account or breached its customer’s agreement with them. The provisions of the Federal Securities Exchange Act did not preempt the State Court’s jurisdiction over the appellants’ claims against the appellee for negligent conduct and breach of contract. The appellants’ complaint did not 'allege a factual violation of the Federal Act, to wit: “churning of an account”, which would vest exclusive jurisdiction in the Federal courts. The case of Shearson Haydon Stone, Inc. v. Sather, supra, is not applicable under the pleadings and facts of this case.
Therefore, the order under review is affirmed.
Affirmed.

. Wherein the following is found:

“. . .In Vigman, we held that where the facts disclosed in the complaint showed the action to be predicated upon violations of restrictions or duties imposed by the Securities Exchange Act of 1934 or regulations thereunder, the failure of the complaint to refer thereto would not operate to avoid the provisions of the federal act under which jurisdiction for such actions lay exclusively in the United States District Courts. Acting thereupon, we held:
“ ‘Likewise the claim of liability against the broker for having so acted in the transactions for the purpose of increasing its business to create commissions, that is, for “churning”, had reference to a matter which would be a violation of the Securities Exchange Act of 1934, the jurisdiction for action upon which would be in the United States district courts.’ ”

(emphasis added)