**Stafursky v. Duffy**

*John Barry Beemer,* for plaintiffs.
*Boyd Hughes,* for corporate defendant.

KOSIK, *P.J.,* October 29, 1979—Plaintiffs, Bernard and Kathryn Stafursky, commenced this action in assumpsit and trespass against Joseph Duffy and his employer, Elkins, Stroud, Suplee & Co. Count 1 in assumpsit claims that defendant Duffy, representing himself to be the agent of the corporate defendant, solicited sums of money from plaintiffs to participate in the Kru Ban Investment Club. The complaint states that plaintiffs gave Mr. Duffy a total of $11,400 over a period of several years, and that the corporate defendant issued regular "Statements of Account" to plaintiffs describing various stock transactions made by Duffy on behalf of Kru Ban. Plaintiffs contend that these transactions were in fact never made and that Duffy defrauded them by "pocketing" their money for his own use. The Stafurskys allege that the corporate defendant breached its contractual duty to them by: (1) permitting Duffy to represent himself as its employe and to use the company's name; (2) its failure to investigate the transactions allegedly made on its behalf by Duffy; (3) its failure to discover the false and fraudulent records maintained at its offices by Duffy; and (4) its lack of supervision over Duffy, all of which enabled him to commit common law fraud.

Count II in trespass states that after plaintiffs opened an account with the Elkins Company at Duffy's request, he purchased speculative stocks for them in violation of their instructions to make conservative investments. The complaint also states that Duffy fraudulently induced plaintiffs to execute a margin agreement by misrepresenting its

contents and purpose. The corporate defendant, according to the Stafurskys, was negligent in that it never took steps to question or review the unauthorized activities of Duffy.

Defendant Elkins, Stroud, Suplee & Co. filed preliminary objections in the nature of a demurrer, on three grounds; (1) proper jurisdiction is in the Federal courts; (2) the statute of frauds bars the action, and (3) the statute of limitations bars the action.

## I. JURISDICTION

Defendant contends that this court lacks jurisdiction in this case because the complaint sets forth allegations of securities fraud that are violations of the Securities Exchange Act of June 6, 1934, 48 Stat. 881, 15 U.S.C.A. §78a. Its position is that jurisdiction for violation of this Federal statute lies in the United States District Court.

Defendant relies upon Community National Bank & Trust Co. v. Vigman, 330 So. 2d 211 (Fla. App. 1976), which is distinguishable from the present case. In Vigman, the bank loaned large sums of money to Vigman so that he could purchase securities even though the bank had knowledge that the loans were in violation of the credit limitations and margin restrictions imposed by the 1934 Act and its regulations. After preliminary objections as to jurisdiction were filed, plaintiff amended its complaint to delete all references to the 1934 Act, and instead alleged that the loans were not "customary and ordinary" and were fraudulent. The court noted that the issue in such a case was whether the basis for recovery was by reason of the violations of the 1934 Act or whether the defendant had

breached a duty owed under existing law and apart from and not related to liability under the act. Since the mere loaning of money by a bank did not violate any common law duty, the court held that the plaintiff's basis for recovery was grounded in the 1934 Act. Furthermore, the Vigman plaintiff had made a general allegation of fraud without stating the circumstances surrounding the fraud. In the present case, however, plaintiffs have set forth in detail the activities that constituted a fraud in paragraphs 6, 13, and 14 of the complaint. The court is convinced that a cause of action for common law fraud is stated in this case independent of any violations of the 1934 Act.

15 U.S.C.A. §78bb provides that the rights and remedies provided by the 1934 Act "shall be in addition to any and all other rights and remedies that may exist at law or in equity." In Moran v. Paine, Webber, Jackson & Curtis, 279 F. Supp. 573, 577 (W.D. Pa. 1967), aff'd 389 F. 2d 242 (3d Cir. 1968), the court stated: "We recognize that actions under . . . the Securities Exchange Act of 1934 are based on different elements from common law actions for fraud and deceit in the state courts, and that the same set of operative facts may give rise to separate causes of action . . . and that these may be sued upon separately." Since the Stafurskys' allegations are based upon common law fraud, we believe that the violations of the 1934 Act are immaterial and that the state courts have jurisdiction in this case.

## II. STATUTE OF FRAUDS

Defendant next argues that the action is barred by Pennsylvania statute of frauds, which is spelled out in the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §8-319 [see now,

13 Pa.C.S.A. §8319], stating that: "A contract for the sale of securities is not enforceable . . . unless (a) there is some writing signed by the party against whom enforcement is sought . . . sufficient to indicate that a contract has been made for a sale of a stated quantity of described securities at a defined or stated price. . . ." In their brief, plaintiffs contend that "Exhibit F" of the complaint is an adequate writing. However, the court does not have to pass judgment at this time on the sufficiency of the writing since the issue of the statute of frauds was raised improperly in preliminary objections. Section 8-319(d) provides that a contract for the sale of securities is enforceable if the defendant admits "in his pleading, testimony or otherwise in court that a contract was made. . . ." Preliminary objections, according to Pa.R.C.P. 1017(b)(4), are limited to ". . . (4) a demurrer, which may include the bar of a nonwaivable statute of limitations or frauds." Since the statute of frauds is waivable by virtue of section 8-319(d), it would be premature to address the question of a writing since the defendant might later admit that a contract existed. The proper procedure for raising this issue would be in "New Matter" in the answer: Butcher v. United States Investment Corp., 236 Pa. Superior Ct. 8, 13, fn. 4, 344 A. 2d 583, 586 (1975). The preliminary objections as to the need for a writing are overruled.

## III. STATUTE OF LIMITATIONS

Defendant's final argument is that the statute of limitations bars the action. The corporation contends that the limitations provision in the Pennsylvania Securities Act of December 5, 1972, P.L. 1280, 70 P.S. §1-504(a), is applicable. That section contains an alternative period of three years from

the occurrence or one year from the time when plaintiffs received actual or constructive notice. However, we agree with plaintiffs that the general six-year statute of limitations in the Act of March 27, 1713, 1 Sm.L. 76, 12 P.S. §31 [see now, Judicial Code, 42 Pa.C.S.A. §5523] is applicable. The complaint neither refers to the Pennsylvania Securities Act nor relies on the rights provided by the act as a basis for recovery. As we stated earlier, the complaint is framed exclusively in common law language and sets forth a cause of action that would exist regardless of any violations of statutes that would afford other remedies. Since the six-year limitations period is appropriate, plaintiffs commenced this action in a timely manner by filing a summons on October 22, 1975. Defendant's contention is therefore without merit.

## ORDER

Now, October 29, 1979, it is hereby ordered that the preliminary objections of defendant be dismissed.

Further, that defendant be allowed 20 days from the date of this order in which to file a responsive pleading.