**HARPER PLASTICS, INC., a corporation, Plaintiff-Appellant,**

v.

**AMOCO CHEMICALS CORPORATION, a corporation; Amoco Fabrics Company, a corporation; and Patchogue-Plymouth Company, a Division of Amoco Fabrics Company, Defendants-Appellees.**

No. 80–2711.

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1981.

Decided Aug. 24, 1981.

Rehearing and Rehearing In Banc Denied Nov. 9, 1981.

William J. Harte, William J. Harte, Ltd., Chicago, Ill., for plaintiff-appellant.

Walter T. Kuhlmey, Kirkland & Ellis, Chicago, Ill., for defendants-appellees.

Before BAUER and WOOD, Circuit Judges, and THOMAS,* Senior District Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

This is an appeal from the district court for the Northern District of Illinois, staying proceedings in the Circuit Court of Cook

---

* The Honorable Daniel Holcombe Thomas, Senior District Judge of the United States District Court for the Southern District of Alabama, is sitting by designation.

County, Illinois. The issue on appeal is whether *res judicata* bars a litigant from bringing a contract claim in state court following a dismissal on the merits of his federal anti-trust claim from federal court where the litigant did not join the contract claim as an alternative theory of recovery in the federal action. The district court answered this question in the affirmative and granted the defendant's motion for a permanent injunction pursuant to the relitigation exception to the Federal Anti-Injunction statute, 28 U.S.C. § 2283. Because we find that the appellant has split its cause of action, we affirm.

Harper Plastics, Inc. ("Harper") purchases and resells raw thermoplastic materials and other plastic goods. Amoco Chemicals, Inc. manufactures polypropylene and other polymer resins, and markets them in interstate commerce. A subsidiary of Amoco Chemicals, Amoco Fabrics, Inc., operates three plants in which it manufactures and sells synthetic yarns and fabrics made from polypropylene. Patchogue-Plymouth, Inc. is a division of Amoco Fabrics. In June 1976, Harper commenced this action against Amoco Chemicals and its subsidiaries in federal district court. The first two counts of Harper's amended complaint alleged violations of § 2 of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a). Specifically, Harper alleged that the defendants had discriminated against it by selling waste polypropylene to other customers at lower prices and by offering certain services and advantages to other customers which were unavailable to Harper. Amended Count III of the complaint alleged that the defendants had violated 15 U.S.C. § 13(e) by requiring that Harper disclose the names of its resale customers as a precondition to the sale of a quantity of polypropylene carpet backing known as F.L.W. Count IV alleged that Amoco Fabrics and Patchogue-Plymouth had breached a contract for the sale of mixed-face yarn. The first three counts alleged federal claim jurisdiction pursuant to 28 U.S.C. § 1331.

Count IV alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 or pendent jurisdiction in the alternative.

After extensive discovery by both parties, defendants moved for summary judgment on all four counts. The district judge took cognizance of matters outside the pleadings and thereupon dismissed the first two counts pursuant to Fed.R.Civ.P.12(b)(1) [1] for failing to meet the "in commerce" requirement of 15 U.S.C. § 13(a). The third count was dismissed for failing to state a claim upon which relief could be granted because there was no consummated transaction for the purposes of § 13(e), and the fourth count was held barred by the statute of frauds. On appeal, this court affirmed the dismissal of Counts I and II in an unpublished order dated March 17, 1980, but reversed the dismissal of Count IV. 618 F.2d 114. In a published opinion issued contemporaneously with that order, we held that 15 U.S.C. § 13(e) does not require a fully consummated transaction, but nonetheless affirmed the district judge's dismissal of Amended Count III because the facts did not show a discrimination in services or facilities within the meaning of that section. *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 617 F.2d 468 (7th Cir. 1980).

While that appeal was pending, however, Harper filed a three-count complaint in the Circuit Court of Cook County, Illinois. The conduct alleged in the first count of that complaint was the same as that alleged in Counts I and II of the federal complaint. The second count alleged the same facts as Amended Count III, and the third count repeated the facts alleged in Count IV of the federal complaint. The state trial judge dismissed the first count for failing to state a claim upon which relief could be granted and the third count because that part of Harper's lawsuit was still pending in federal court; he refused to dismiss the second count. The defendants thereafter returned to federal district court seeking an injunction staying the state proceedings.

---

1. The district judge's memorandum opinion states that the dismissal was pursuant to rule 12(b)(3). This was obviously a typographical error as the propriety of venue was never at issue.

On October 31, 1980, the district judge held that Harper was attempting to relitigate issues finally adjudicated in the earlier federal proceedings, and enjoined the state proceedings pursuant to the Anti-Injunction statute, 28 U.S.C. § 2283.[2] This appeal followed.

## I.

■ At the outset, we consider appellant's contention that the first three counts of its amended federal complaint were dismissed for want of subject matter jurisdiction. If that argument is correct, then *res judicata* cannot bar the state proceedings because a dismissal for want of jurisdiction does not preclude a court of competent jurisdiction from reaching the merits of the claim in a subsequent suit. *See* 1B Moore's *Federal Practice* ¶ 0.405[5] at 659–62 (2d ed. 1980). That dismissal would merely preclude relitigation of the issue of whether the first tribunal had jurisdiction. *Jackson v. Irving Trust Co.*, 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297 (1941). Conversely, if the dismissal of appellant's complaint from federal court was a valid final judgment on the merits, the appellant has had its day in court and *res judicata* will bar relitigation of the same cause of action against the appellees. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Church of the New Song v. Establishment of Religion on Taxpayers' Money in the Federal Bureau of Prisons*, 620 F.2d 648 (7th Cir. 1980), *cert. denied*, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981). Therefore, as a necessary adjunct to our holding, we must decide whether the dismissal of Harper's Amended Count III was on the merits.

■ For the purposes of *res judicata*, the definition of a judgment on the merits is one which "is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622 (4th Cir.), *cert. denied*, 350 U.S.

838, 76 S.Ct. 76, 100 L.Ed. 748 (1955). Traditionally, a judgment is on the merits if it completely disposes of the underlying cause of action, *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877), or determines that the plaintiff has no cause of action, *Restatement of the Law of Judgments* § 49, comment a at 193 (1942). Its effect is that of an absolute bar to a subsequent action. *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 713 (2d Cir. 1977). A more modern view includes not only those judgments based on legal rights, but extends to dismissals on other than traditionally substantive grounds. *See* Fed.R.Civ.P. 41(b); Reporter's Note, *Restatement (Second) of Judgments* § 48, at 42–43. Indeed, the *Restatement (Second) of Judgments* dispenses with the "on the merits" terminology "because of its possibly misleading connotations." *Restatement (Second) of Judgments*, § 48 at 36 (Tent. Draft No. 1 1973).

■ Even if we were confined to the older, more limited view, we should still find that the dismissal of appellant's Amended Count III was on the merits. In its opinion affirming the district judge's dismissal of that part of Harper's complaint, this court explained:

> [T]he conduct of which Harper complains, imposing a condition that resale be overseas and demanding assurances in the form of a customer list, was not discrimination with respect to delivery services; rather it was a refusal to go forward unconditionally with a sale.... Section 2(e) requires that service of delivery itself be made available to purchasers on proportionally equal terms. It does not require that all conditions precedent to a delivery be identical in every transaction in like goods sold for resale. As the gravamen of Harper's complaint is discrimination with respect to a term of sale not itself a "service" within the meaning of § 2(e), Harper may not attempt to bring its case within the meaning of that

---

**2.** 28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay state proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

subsection by employing the label "delivery."

617 F.2d 468, 473 (7th Cir. 1980). Thus, the court was required to deal with the substance of Harper's allegations and not merely with "the authority conferred by Congress to decide a given type of controversy. . . ." *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). A failure to show a discrimination in services or facilities tends to determine that the case will be decided one way rather than another. In other words, it determines whether the plaintiff has any basis for his cause of action. Accordingly, we find that the dismissal of appellant's Amended Count III went to the merits.

Having decided that much, we may not dispense with appellant's argument that because the district court found, and we agreed, that there was no subject matter jurisdiction over Counts I and II,[3] the dismissal of the first three counts was jurisdictional. The short answer is that Counts I and II alleged separate transactions and separate instances of wrongdoing, and therefore stated separate causes of action. *Himel v. Continental Illinois National Bank and Trust*, 596 F.2d 205 (7th Cir. 1979). The court was empowered to and did reach the merits of the cause of action arising out of the sale of F.L.W., and the disposition of the other claims is of no moment to us here.

■ Next, we consider appellant's argument that the cause of action alleged in Amended Count III of the federal pleading is distinct from that alleged in the state complaint. Appellant admits that Amended Count III is based on the same "physical acts" as Count II of the state complaint, but nonetheless urges that because recovery is sought under different laws, the rights and duties involved, and therefore the causes of action, are separate and distinct. We find no merit in this argument.

■ When a valid, final judgment on the merits is rendered in a judicial proceeding, *res judicata* operates to bar relitigation of the same cause of action between the same parties. *United States v. International Building Co.*, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); *Liddell v. Smith*, 345 F.2d 491 (7th Cir. 1965). "[T]he conclusive effect of a judgment on the merits as res judicata is limited to the same cause of action." 1B Moore's *Federal Practice* ¶ 0.410[1] at 1152. That much is axiomatic. Precisely what constitutes the cause of action is a matter of some greater complexity. In *Himel v. Continental Illinois National Bank and Trust Co.*, this court affirmed a trial judge's ruling that the primary test for determining if two suits are based on the same cause of action is whether both suits arise out of the same basic factual situation. 596 F.2d at 209. Yet there may be cases where this test proves too much, since this court has also recognized that a single transaction or occurrence can give rise to several causes of action. *Kernel Kutter, Inc. v. Fawcett Publications, Inc.*, 284 F.2d 675 (7th Cir. 1960). Thus, the courts have also looked to whether the judgment in a second suit would impair rights established under the first judgment, *Winters v. Lavine*, 574 F.2d 46 (2d Cir. 1978), or stated differently, whether the right and duty and the wrong complained of are the same in both actions. *Robbins v. District Court of Worth County, Iowa*, 592 F.2d 1015 (8th Cir.), *cert. denied*, 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979); *Hall v. Tower*

---

**3.** In a footnote to our unpublished order of March 17, 1980, we said that "[b]ecause of the trial court's reliance on matters outside the pleadings, we treat the court's judgment as entered pursuant to Rule 56. Summary Judgment was, in the context of this case, procedurally appropriate." Upon reconsideration, we find that this was inappropriate nomenclature. Issues of subject matter jurisdiction are not properly disposed of by Rule 56 judgment. *Rosemound Sand and Gravel Co. v. Lambert Sand and Gravel Co.*, 469 F.2d 416 (5th Cir.

1972), states the correct view: "The trial court's taking cognizance of matters outside the pleadings may have added to the confusion, but it is clear, under the last sentence in Rule 12(b), that the only motion under this rule that can be considered as a motion for summary judgment is that numbered (6), failure to state a claim upon which relief can be granted." *Id.* at 417. This point does not affect our holding here, however we raise the matter because the parties have relied so heavily on it in their briefs.

*Land and Investment Co.*, 512 F.2d 481 (5th Cir. 1975). Under this view, if Harper's state complaint alleges the same right and wrong complained of in the third count of the federal complaint, Harper is attempting to relitigate a single cause of action and *res judicata* will lie.

■ As a corollary to the general rule, *res judicata* operates to bar litigation of matters that should have been raised in the prior proceeding. The prior judgment is conclusive "not only in respect of every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented." *Mendez v. Bowie*, 118 F.2d 435, 440 (1st Cir.), *cert. denied*, 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). This application of the doctrine of *res judicata* operates to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits. *Id.* An unsuccessful party may not, therefore, frustrate the doctrine of *res judicata* by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation. *Lambert v. Conrad*, 536 F.2d 1183 (7th Cir. 1976).

Turning now to the record, we find that this is precisely what appellant attempts to do. The facts set forth in Amended Count III of the federal complaint are the same as those alleged in the second count of the state pleading. The only significant variations lie in the jurisdictional allegations and the form of relief sought in each (*i. e.*, damages under the Robinson-Patman Act in the federal complaint, and damages for breach of contract in the state complaint). In light of the foregoing authorities, appellant's contention that two separate causes of action are involved is simply incorrect. In essence, appellant argues that whenever several theories of relief can conceivably apply to a single instance of wrongdoing, it follows of necessity that several causes of action arise out of that wrongdoing. While a single wrongful act may in some instances give rise to more than one cause of action,

*Kernel Kutter v. Fawcett Publications, Inc.*, 284 F.2d 675 (7th Cir. 1960), this is not such a case. The right involved in both of appellant's proceedings, insofar as the transaction for the sale of F.L.W. is concerned, was the right to an unconditional performance of the contract of sale, and appellant had an ample opportunity to advance its several theories of relief in its federal pleading. It elected not to do so at its own peril, and cannot now argue that there are as many causes of action arising out of the transaction as there are conceivably relevant theories of relief.

Nonetheless, appellant insists that a certain unfairness inheres in requiring the plaintiff to join state theories of relief in a federal complaint where those state claims could only be entertained under the doctrine of pendent jurisdiction. Because that jurisdiction is discretionary, a plaintiff cannot know with certainty that the federal court will elect to hear the pendent claims and, appellant contends, it is unfair to expect the plaintiff to plead them at all. Appellant also argues that if the district judge dismisses the pendent claims, the result may be that the litigant will never be able to argue the merits of those claims. Finally, appellant points to burgeoning court dockets and argues that it is unfair to "force" pendent claims on the federal courts. We respond to these arguments seriatim.

■ Under the doctrine of pendent jurisdiction, a federal court is empowered to entertain state claims when "[t]he state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Moreover, when "considered without regard to their state or federal character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then there is *power* in the federal courts to hear the whole case." *Id.* (emphasis in original). The case at bar is exemplary. Here, there was one set of facts alleged in both pleadings, describing a transaction for the sale of F.L.W. Because

the Robinson-Patman Act and the law of contracts in the State of Illinois merely provided separate grounds for relief in a single cause of action, appellant would ordinarily be expected to bring both remedies together in a single proceeding. It therefore appears that the exercise of pendent jurisdiction would have been appropriate in this case.

■ We fail to discern the unfairness in requiring a plaintiff to join all relevant theories of relief in a single proceeding. The uncertainty over whether a trial judge would exercise pendent jurisdiction does not justify permitting the institution of a multiplicity of proceedings which may have the effect of harassing defendants and wasting judicial resources. If appellant entertained any doubts at the pleading stage, they should have been resolved in favor of joinder. *See Federated Department Stores v. Moitie*, —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (Blackmun, J., concurring); *Woods Exploration and Producing Co. v. Aluminum Company of America*, 438 F.2d 1286 (5th Cir. 1971).

■ A dismissal of the claims for relief under federal law in a complaint to which pendent state claims have been joined does not of itself end the litigation. "[I]f it appears that the state issues predominate, whether in terms of proof, of the scope of issues raised, or the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1139. Conversely, if the district judge finds that the federal claims are insubstantial, the entire action may be dismissed and the plaintiff will be permitted to pursue the common law claims in a state tribunal. *Id.* In this light, appellant's assertion that including the state contract claim might have prevented it from arguing that claim on the merits in the event of a dismissal from federal court is clearly incorrect. To the contrary, if appellant wished to preserve that claim, Rule 18 joinder was the proper device.

Finally, we must reject appellant's contention that it is unfair to force pendent claims on federal trial courts. If this were so, then one may as well argue that the entire doctrine of pendent jurisdiction is unfair, since the effect of its application is to busy the federal court with matters of state law. The primary purpose of the doctrine is to promote fairness to litigants and judicial economy by disposing of a controversy in a single proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This, combined with the broad joinder provisions of the federal rules, gives appellant's argument a hollow ring. Accordingly, we reject it.

## II.

We turn now to appellant's contention that the district judge erred in enjoining the state proceedings pursuant to the relitigation exception to the Federal Anti-Injunction statute, 28 U.S.C. § 2283 (1976). Appellant urges that because the issue of whether appellees' conduct constituted a breach of contract was never adjudicated in the federal court, that exception has no application here. The argument is without merit.

Under 28 U.S.C. § 2283, a federal court may enjoin a state proceeding only "as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The prohibition is absolute unless the injunction falls squarely within one of the three exceptions, *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), and doubts are to be resolved in favor of allowing the state litigation to proceed. *Id.*

■ The exception "to protect or effectuate its judgments" applies to this case. This language was added in 1948 to permit federal courts to enjoin litigation of matters finally adjudicated in federal court. *Samuel C. Ennis & Co. v. Woodmar Realty Co.*, 542 F.2d 45 (7th Cir. 1976), *cert. denied,*

429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977). The obvious import of this exception is that a federal court may enjoin state proceedings when *res judicata* would bar the same action in federal court. *Donelon v. New Orleans Terminal Co.*, 474 F.2d 1108 (5th Cir.), *cert. denied*, 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973). Appellant argues that because the issue of whether there was a breach of contract was never litigated in the federal court, the district judge was mistaken when he held that plaintiff was clearly attempting to relitigate matters that were fully adjudicated there. With that much we agree. Nonetheless, we affirm the trial judge's order because we find that litigation of the breach of contract issue is barred by *res judicata*. Harper had a full opportunity to join the contract claim with the claim for relief under the Robinson-Patman Act, and by failing to do so it split its cause of action. While § 2283 may be grounded in principles of comity and federalism, *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), those principles do not supercede the doctrine of *res judicata*. The relitigation exception to § 2283 recognizes that much. Nor may those principles be invoked as a makeshift excuse for inadvertent pleading.

Appellant nonetheless insists that *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers* forbids the sort of injunction entered below. In that case, the Supreme Court found that none of the exceptions in the statute justified the stay of the state proceedings, and accordingly permitted a state injunction against the defendant to stand. We do not read that case as abrogating the rule against claim-splitting. The Court held only that federal courts do not have the inherent power to enjoin state proceedings but must look to the express exceptions to § 2283. As the court in *Woods Exploration and Producing Co. v. Aluminum Company of America* noted, "[T]he relitigation principle retains its vitality and means simply that a federal court may enjoin a state proceeding under the doctrine of *res judicata*." 438 F.2d at

1312. Indeed, to hold otherwise would be to render the relitigation exception utterly meaningless. The Court in *Atlantic Coast Line* did not go that far.

The other case upon which appellant relies, *United States v. Ford Motor Co.*, 522 F.2d 962 (6th Cir. 1975), is inapposite. There the Court of Appeals for the Sixth Circuit found the jurisdiction and relitigation exceptions inapplicable and affirmed the district court's order denying Ford's motion for an injunction staying the state proceedings. The primary distinction between that case and the one at bar is that the former involved separate causes of action. In *Ford Motor Co.*, the United States brought an action against Ford under § 7 of the Clayton Act, challenging Ford's purchase of certain assets of the Electric Autolite Co. In a judgment for the United States the district court ordered, *inter alia*, divestiture of a battery manufacturing plant "in going, viable, and operating condition." Following divestiture, employees of the battery plant filed a class action in state court against Ford, alleging that Ford had breached an agreement to pay them a separation allowance when their employment with Ford terminated. Ford sought to have the state proceeding enjoined, arguing that the question of separation pay allowance was preempted by its efforts to transfer the plant in viable condition. The motion for injunction was denied, and the Court of Appeals affirmed, agreeing that the state suit was only "tangentially related to the prior federal judgment...." 522 F.2d at 966. In the instant case, by contrast, the issue of whether there was a breach of contract was more than a mere ancillary matter. It was part of the appellant's cause of action, and by failing to raise the matter in its pleadings appellant has split its claim against appellees. Since the relitigation exception precludes litigation in state court of matters that would ordinarily be barred by *res judicata*, an injunction pursuant to that exception was wholly appropriate.

We recognize that the result of our holding is that appellant will not be able to

litigate the issue of whether there was a breach of contract for the sale of F.L.W. Yet whatever hardship inheres in this result could easily have been avoided. The rule against claim-splitting is not a new one, and the cautious litigant includes all relevant theories of relief in a single action to avoid its prejudice. The doctrine of pendent jurisdiction and the broad joinder provisions of the Federal Rules of Civil Procedure provided appellant with a convenient vehicle for presenting the federal court with its several theories of relief. It may not now argue that it has had no opportunity to do so.

The judgment of the district court is Affirmed.