**Robert E. LEE, Plaintiff–Appellant,**

v.

**VILLAGE OF RIVER FOREST, a municipal corporation, Nicholas Coscino, J. Barstatis, et al., Defendants–Appellees.**

**Nos. 90–1456, 90–1757 and 90–1765.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1991.

Decided July 12, 1991.

---

Walter M. Ketchum, Arthur E. Engelland, Karen Ann Rowan, Chicago, Ill., for plaintiff-appellant.

Peter M. Rosenthal, David Lincoln Ader, Ancel, Glink, Diamond & Cope, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, WOOD, Jr., and COFFEY, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Robert E. Lee sued the Village of River Forest and fifteen present and former police officers of the Village of River Forest. Lee alleged that his December 1983 arrest, indictment and incarceration, which stemmed from charges that he murdered his wife, violated his fourth and fourteenth amendment constitutional rights. He sought redress pursuant to 42 U.S.C. § 1983. We are now presented with the consolidated appeal of two cases brought by Lee against defendants.

## I. FACTUAL BACKGROUND

On December 20, 1983, Lee discovered that his wife had passed away during the night. Police of the Village of River Forest and paramedics arrived and found the deceased to be a gaunt woman with several fractures in the process of healing as well as a fresh head injury. Lee's son told police that the head injury resulted from a fall—a bed frame caused the laceration. The physician of Lee's wife was at the scene and explained that Lee's wife had suffered from Alzheimer's disease. Fearing that Lee had abused his wife, the police arrested him for murder.

Initially, Lee was detained for thirty-six hours without hearing or bond. A grand jury indicted Lee for murder on December 23, 1983. Unable to post bond, Lee spent twenty-five additional days in jail. On January 17, 1984, the Cook County medical examiner's report revealed that Lee's wife had suffered from Alzheimer's disease (as her physician had reported) and that she died of natural causes. Soon after the issuance of the report, the charges against Lee were dismissed and the case formally withdrawn by the prosecutor.

## II. PROCEDURAL BACKGROUND

Lee filed the first case against the defendants in the United States District Court for the Northern District of Illinois on December 19, 1985. A section 1983 action, Lee alleged that defendants violated his constitutional rights through their actions regarding the death of his wife. On March 19, 1987, Lee filed an amended complaint in which he again asserted a claim against defendants, pursuant to section 1983, for their violation of his constitutional rights—his fourth amendment right to be free from unreasonable arrest and his fourteenth amendment right to due process of law.

Defendants filed on March 26, 1987, a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion to dismiss on June 22, 1987. Lee did not file a motion to reconsider or vacate the judgment, nor did he appeal; instead, on July 6, 1987, he made a motion to file a second amended complaint. The court took the matter under advisement. On August 6, 1987, before the court made any decision on the July motion, Lee filed a notice of voluntary dismissal. The court granted the voluntary dismissal on September 14, 1987, and denied the motion

to file a second amended complaint, finding it moot.

In the district court's June 22, 1987 memorandum opinion and order entered with the judgment in favor of defendants, the court stated, "If Lee thinks Illinois law provides him with a remedy—which we do not decide—he should be in Illinois court." Lee took that advice and on May 17, 1988, he filed a complaint in the Circuit Court of Cook County. Lee sought damages from defendants for libel and slander, malicious prosecution, false arrest, and false imprisonment—all state law violations. Defendants filed a motion to dismiss on August 1, 1988, to which Lee responded with a first amended complaint on August 29, 1988. Defendants filed another motion to dismiss on October 31, 1988. On June 9, 1989, the court granted the motion to dismiss on the false arrest claim, and the other three counts were stricken. The court gave Lee time to file an amended complaint. Lee filed his second amended complaint October 4, 1989, but asserted only federal claims pursuant to section 1983. Defendants removed the case to the United States District Court for the Northern District of Illinois on October 13, 1989. Shortly thereafter, November 7, 1989, defendants filed a motion to dismiss. Lee did not respond to the motion to dismiss, but filed a motion to clarify on November 30, 1989.

The district court granted defendants' motion to dismiss on January 18, 1990, finding the suit to be barred by both res judicata and the statute of limitations. Lee filed a motion to reconsider and vacate the judgment, and for leave to file an amended complaint. The court denied the motion.

After the denial of the motion to reconsider, Lee turned his attention again to the district court's dismissal of the initial case on June 22, 1987. Lee sought relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court denied the motion for relief from judgment on March 5, 1990.

Lee now claims that the district court erred when it denied the motion for relief under Rule 60(b), because exceptional circumstances exist to justify relief. Lee also claims that the district court erred in dismissing the second action brought before the district court on the grounds of res judicata and the statute of limitations. For the reasons set forth below, we affirm the decisions of the district court.

## III. ANALYSIS

### A. Rule 60(b)(6)

Lee argues that this case presents extraordinary circumstances that justify relief from judgment under Rule 60(b)(6).[1] He urges this court to vacate the district court's opinions of June 22, 1987, and September 4, 1987, and grant him leave to file an amended complaint. Lee contends that he will suffer extreme hardship unless relief is granted, because the Rule 12(b)(6) dismissal by the district court prevents Lee from having any court consider his state law claims, thus denying Lee the opportunity to have his day in court.

This court's review of a district court's denial of a motion for relief from judgment is limited. *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158, 161 (7th Cir.1990). This court will grant a Rule 60(b) motion "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986), *cert. denied*, 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 *reh'g denied*, 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 820 (1987). *See Del Carmen*, 908 F.2d at 161; *McKnight v. United States Steel Corp.*, 726 F.2d 333, 335 (7th Cir. 1984). Supporting this limited review is " 'a strong policy favoring the finality of judgments.' " *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir.1987) (quoting *Margoles*, 798 F.2d at 1072).

---

**1.** Rule 60(b)(6) states, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (6) any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(6).

■ A trial judge has broad discretion to grant Rule 60(b) relief from judgment, and we will not reverse that decision unless the district court abused its discretion. *Del Carmen*, 908 F.2d at 161. An abuse of discretion on a Rule 60(b) motion "is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action." *McKnight*, 726 F.2d at 335.

It is important to note that in reviewing the district court's Rule 60(b) determination, this court " 'can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment.' " *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) (quoting *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir.1985)). This limitation generates a much narrower review " 'than would [be] our review on direct appeal of the underlying order from which relief was sought by the Rule 60(b) motion.' " *Id.* (quoting *Pryor v. United States Postal Service*, 769 F.2d 281, 286 (5th Cir.1985)).

Lee argues that this court should reverse the district court's denial of his Rule 60(b) motion because the June 1987 dismissal should be considered a Rule 12(b)(1) dismissal for want of jurisdiction, not a Rule 12(b)(6) dismissal for failure to state a claim. A dismissal for want of jurisdiction would be a dismissal without prejudice, and according to Lee, would not unfairly deny him his day in court as did the 12(b)(6) judgment. After reviewing the pleadings filed by the parties regarding defendants' motion to dismiss, and the court's memorandum and order dismissing the case, we are convinced that the dismissal was pursuant to 12(b)(6) and operates as a dismissal on the merits.

■ Another argument asserted by Lee is that he has been unfairly deprived of his right to pursue state law claims against defendants; but Lee neglects to mention several important factors regarding his pursuit of a state law action. Lee did in fact file two complaints in state court in which he asserted four state law claims and no federal claims. The Circuit Court of Cook County dismissed one of the four counts in the first amended complaint, and the other three were stricken. The second amended complaint filed by Lee alleged only federal claims pursuant to section 1983. That case was properly removed to the district court, and the dismissal by the district court of that case is also being appealed by Lee.

Lee already had an opportunity to pursue his claims in state court, but maintains that he is being denied his day in court. Lee's first case in the district court presented no state law claims against defendants, but only federal claims pursuant to section 1983; therefore, the district court made no determination regarding any state law claims in the June 22, 1987 dismissal of Lee's complaint for failure to state a claim. Lee contends that the district court's dismissal of his federal claims under Rule 12(b)(6) forever bars him from seeking redress in state court because of the doctrine of res judicata. Lee correctly notes that under Illinois law, a dismissal with prejudice bars any subsequent suits brought on the same cause of action. In addition, Lee states that because of the district court's decision regarding the federal claims and this circuit's rule against claim-splitting, any possible state action against defendants is barred.

Lee presents the doctrine of res judicata and the rule against claim-splitting in support of his argument for Rule 60(b)(6) relief; unfortunately for Lee, his own arguments work against him. Lee argues that if the district court's dismissal under 12(b)(6) is not vacated and he is not provided the opportunity to amend his complaint and assert pendent state claims, he will be precluded from ever asserting state law claims. This argument is curious because the claim-splitting cases cited by Lee explain that in order to keep his state claims viable, Lee should have sought pendent jurisdiction for his state claims in the first case brought in federal district court. Lee neglects to discuss this point. We find it difficult to understand how Lee can assert that he is now entitled to include state law claims in his federal complaint—several

years after the filing of the complaint in question—when he failed to include such claims initially. Nonetheless we discuss the relevant law concerning res judicata application to state and federal causes of action.

The real issue to be considered is not whether the 12(b)(6) ruling unfairly denies Lee his day in court on state law claims, as Lee contends, but whether Lee erred in not raising all possible claims in the original suit brought in federal district court. *See Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1367 n. 2 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). Lee cites *Shaver* as an example of how a judgment on federal claims bars subsequent state claims. *Id.* at 1368. In *Shaver*, this court considered "whether or not a plaintiff who initially sues in federal court must attempt to join all theories of relief arising under state law in a single proceeding if and when a jurisdictional basis for doing so exists." *Id.* at 1364. We determined that since the plaintiff "originally chose the federal court as his forum, he should have, under the well-reasoned rule against claim-splitting, included all the relevant theories of relief in a single action that the federal forum provides." *Id.* at 1368.

This court discussed the claim-splitting rule in *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 946 (7th Cir.1981), stating,

> [w]e fail to discern the unfairness in requiring a plaintiff to join all relevant theories of relief in a single proceeding. The uncertainty over whether a trial judge would exercise pendent jurisdiction does not justify permitting the institution of a multiplicity of proceedings which may have the effect of harassing defendants and wasting judicial resources. If appellant entertained any doubts at the pleading stage, they should have been resolved in favor of joinder.

The district court did not have an opportunity to consider any pendent state claims in Lee's case, for there were none presented by Lee in the complaint filed in the district court.

*Harper* explains that "[a] dismissal of the claims for relief under federal law in a complaint to which pendent state claims have been joined does not of itself end the litigation." *Id.* If state issues predominate, they may be dismissed without prejudice for further pursuit in state court. *Id.* Another possibility is if the federal claims are considered insubstantial, the action may be dismissed and the plaintiff allowed to pursue state claims in state court. *Id.* Had Lee joined pendent state claims in the original complaint, as he seeks to do now through the use of Rule 60(b)(6), the res judicata and claim-splitting problems asserted by Lee would have been eliminated. We are not persuaded that Lee has been unfairly denied his day in court.

Lee did not file his Rule 60(b)(6) motion until two and a half years after the June 1987 judgment entered by the district court—after the district court dismissed the second section 1983 claim presented by Lee. Not only did Lee wait a significant amount of time before pursuing this Rule 60(b) motion, but Lee also failed initially to appeal the June 22, 1987 order or to file a Rule 59 motion to amend or vacate the judgment either. Lee appears to be acting now to make up for earlier lapses in his exercise of his rights within the judicial system. The purpose of Rule 60(b) is not to reward a party for such afterthought.

Lee attempts to justify his delay in seeking the Rule 60(b) relief by asserting that the district court's decision to grant Lee's voluntary motion to dismiss caused Lee to believe that the voluntary dismissal without prejudice would negate the effect of the earlier dismissal and eliminate application of res judicata. The district court never vacated the June 1987 judgment, and Lee had no reason to believe, nor precedent to indicate, that the voluntary dismissal vacated the earlier dismissal. We do not consider this speculation by Lee to be a justifiable reason for delay.

Lee was not unfairly precluded from exercising his rights in state court after the June 1987 dismissal. The lack of any unjust bar to pursuing his state claims makes the Rule 60(b)(6) motion unnecessary and inappropriate. The district court did not abuse its discretion in denying the Rule 60(b)(6) motion, and we affirm.

## B. Res Judicata

A Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted "is a decision on the merits with full res judicata effect." *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987). Res judicata is intended to protect "a victorious party from being dragged into court time and time again by the same opponent on the same cause of action," as defendants contend has occurred in this case. *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir. 1987).

Lee does not dispute that the same section 1983 claims were involved in both complaints. However, Lee makes a novel argument regarding the district court's res judicata dismissal of the second case. Lee's complete res judicata argument is presented in one paragraph of his brief and states:

Rule 41(a)(2) provides in relevant part: "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice".[sic] The district court on September 14, 1987, granted plaintiff's motion for a voluntary dismissal under Rule 41(a). Thus, according to the plain meaning of Rule 41(a)(2), the dismissal was without prejudice. Accordingly, the district court committed error on January 18, 1990 when it dismissed Case No. 89 C 7742 based on *res judicata*.

Counsel for Lee conceded at oral argument that there is no case law to support the argument that a voluntary dismissal operates to vacate a prior dismissal on the merits, and that the district court never acted to vacate the judgment.

In *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir.1990), the plaintiff was "unable to provide this Court with any reported case in which a district judge has successfully followed the path taken in [that] case: deciding a case on the merits and then vacating his decision in order to grant the losing party the opportunity to press the same case in state court." We stated that "Rule 41(a)(2) is misused ... when the district judge has already rendered a final adjudication clearly resolving the merits of the case and then allows the losing party to 'voluntarily dismiss' that order in favor of a state tribunal." *Id.*

We do not find Lee's innovative argument to be persuasive, and conclude that the district court's allowance of Lee's notice of voluntary dismissal had no effect on the district court's prior dismissal with prejudice of Lee's federal claim. Because of the binding nature of a 12(b)(6) dismissal, we find the district court acted properly in dismissing Lee's second action against defendants on res judicata grounds.

## C. Statute of Limitations

The district court's January 18, 1990 order dismissing Lee's second case states as its grounds for dismissal "both res judicata and limitations." Lee argues that the district court dismissal was improper on both grounds. Because this case was properly decided on the res judicata grounds, it is unnecessary to discuss the statute of limitations reasons for dismissal.

## IV. CONCLUSION

The decisions of the district court are AFFIRMED. Defendants' request for imposition of sanctions against Lee or his counsel pursuant to Federal Rule of Appellate Procedure 38 is denied.