983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John MCDANIEL and Jessie McDaniel, Plaintiffs/Appellants,
v.
VILLAGE OF CASEYVILLE, Defendant/Appellee.
 No. 91-1364.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Jan. 15, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John McDaniel and Jessie McDaniel (the McDaniels) brought a civil rights action under 42 U.S.C. § 1983 against the Village of Caseyville (Village), alleging that the Village's refusal to grant a zoning amendment or use variance for a particular tract of land deprived them of property rights without due process of law, and constituted a denial of equal protection of the laws, as it arbitrarily singled them out for unfavorable treatment. The district court entered summary judgment against the McDaniels, and denied the McDaniels' motion to reconsider as untimely under Rule 59(e). The McDaniels appeal from the denial of the motion to reconsider, which we treat as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).
 
 I. FACTS
 
 2
 The McDaniels operate an auto salvage yard in St. Clair County, Illinois, on the border of the Village of Caseyville, Illinois. In 1982, they purchased 27.8 acres of land directly across from their business, intending to use it for the storage of vehicles. This tract of land was subject to the zoning ordinances of the Village, which prohibited nonagricultural use. The McDaniels' application for a zoning change or a use variance was denied by the Village. They sold the property approximately two years later. In 1986, the Village granted a zoning amendment to the owner of a tract directly adjacent to the tract the McDaniels had owned, permitting the land to be used as a storage area for vehicles. On May 11, 1988, the McDaniels filed suit in state court, alleging that the Village had deprived them of property without due process of law, and had denied them equal protection of the laws. The Village removed the suit to federal court, and filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the Village's motion, allowing the McDaniels to file an amended complaint and directing them to state the date of their application for a zoning or use variance.
 
 
 3
 In their amended complaint, the McDaniels asserted that they had "repeatedly requested" the Village for a zoning amendment or a use variance "(f)rom 1981 through June 1986," and that the Village had repeatedly denied their request, without stating the specific dates of these actions. The Village filed a motion to dismiss with accompanying exhibits, which the district court treated as a motion for summary judgment. The McDaniels failed to respond to this motion. The court entered summary judgment against the McDaniels on November 9, 1990, finding that the defendant's exhibits showed that the McDaniels' suit is barred by the statute of limitations.[1]
 
 
 4
 The McDaniels filed a motion to reconsider on December 7, 1990, twenty-eight days after the entry of final judgment. On January 15, 1991, the district court denied the motion as being untimely for purposes of Fed.R.Civ.P. 59(e), which requires that the motion be filed within ten days of the entry of judgment. In its order, the court also noted that the motion failed to address the uncontradicted evidence that the McDaniels no longer owned the property for which they claimed to have sought a zoning change in 1984, 1985 and 1986. The McDaniels filed a notice of appeal on February 14, 1991, seeking relief from summary judgment and appealing the denial of their motion to reconsider. The appeal was untimely as to the request for relief from summary judgment, but was timely as to the denial of the motion to reconsider. This court issued an order on July 17, 1991, directing that the motion to reconsider be treated as a motion for relief from judgment under Rule 60(b), and that the parties limit their arguments accordingly.
 
 II. ANALYSIS
 
 5
 We review a district court's denial of a motion for relief from judgment only for an abuse of discretion. Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991); Del Carmen v. Emerson Electric Co., 908 F.2d 158, 161 (7th Cir.1990). "(A)buse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court." Del Carmen, 908 F.2d at 161 (quoting Reinsurance Co. v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990) (citations omitted)). Furthermore, relief from judgment under Rule 60(b) is "warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Id. (quoting 3 Penney Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987) (citations omitted)).
 
 
 6
 It is also well-settled that in reviewing the district court's denial of a Rule 60(b) motion, this court considers only whether the denial of the motion was an abuse of the district court's broad discretion, and does not reach the merits of the underlying judgment. Lee, 936 F.2d at 979; Del Carmen, 908 F.2d at 161. A motion for reconsideration is not a substitute for appeal, Del Carmen, 908 F.2d at 161, and in this case we do not review the district court's grant of summary judgment against the McDaniels. See id.; Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 606-07 (7th Cir.1986).
 
 
 7
 The McDaniels insist that they are attempting to vindicate a protected property interest of which they were deprived without due process of law, and that the district court was misled by the defendant into accepting a statute of limitations defense to their action. In their attempt to state an equal protection claim, they also allege that their cause of action did not accrue until the zoning variance denied to them was granted by the Village to another property owner in 1986. These arguments go to the merits of their underlying claim, not to the issue of whether the district court abused its discretion in denying the McDaniels' motion to reconsider. As the district court noted, the McDaniels had been instructed to give specific dates indicating when they owned the tract of land and when they attempted to obtain a zoning variance for that tract. The district court clearly indicated to the McDaniels that without this information, their complaint would not survive a statute of limitations defense. The McDaniels failed to provide this information in their amended complaint, and did not explain or otherwise address this failure in their memorandum in support of the motion to reconsider. Under these circumstances, the district court did not abuse its discretion in denying the McDaniels' motion. Accordingly, the district court's decision is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellants have filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The Village presented exhibits showing that there was only one application for a zoning change submitted by the McDaniels on record, and that that application was denied on November 17, 1982. In a deposition, Mr. McDaniel stated that he bought the property in 1980 or 1981, and sold it about two years later. The district court noted that it was thus impossible for the McDaniels to have requested a zoning change in 1984, 1985, and 1986, when they no longer owned the property