59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 DEWITT, PORTER, HUGGETT, SCHUMACHER & MORGAN, S.C.,
Plaintiff-Third/Party Defendant-Appellee,
v.
Eleanor KOVALIC, Third/Party Plaintiff-Appellant,
v.
Fred GANTS and Continental Casualty Company, d/b/a CNA,
Third/Party Defendants-Appellees.
 No. 94-2545.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 17, 1995.
Decided June 21, 1995.
 
 Before POSNER, Chief Circuit Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 DeWitt Porter filed suit against its former client Robert Kovalic for recovery of attorney's fees and to have two real estate transfers (one to his wife, Eleanor, and the other to his children) declared fraudulent. An answer and counterclaim was filed by Robert along with a third-party complaint in which his wife joined. Both the counterclaim and third-party complaint alleged legal malpractice by DeWitt Porter.
 
 
 2
 A jury trial was commenced on February 3, 1992. Before the case was submitted to the jury, the judge found as a matter of law that Robert had fraudulently transferred to Eleanor property located in Shrewsbury, England. On February 8, 1992, a special verdict was returned by the jury finding Robert liable to DeWitt Porter for attorney's fees in the sum of $230,000; the jury further found that the Madison, Wisconsin, real estate had been fraudulently transferred by Robert to his children; and the jury further found no malpractice by DeWitt Porter.
 
 
 3
 Judgment was entered on February 12, 1992, awarding DeWitt Porter $230,000 as against Robert. The judgment also declared both the real estate transfer by Robert of the Shrewsbury, England, property, as well as the transfer of the property in Madison, Wisconsin, to be vacated. The judgment also dismissed the third-party complaint and counterclaim.
 
 
 4
 An amended judgment was entered on July 13, 1992, reducing the monetary award to $150,000. The amended judgment also directed that the judgment for declaratory relief run against both Robert and Eleanor. Eleanor did not appeal the amended judgment.
 
 
 5
 The deed conveying the Shrewsbury real estate from Robert to Eleanor was not made of record by registration in England, the original deed was thus rendered the only evidence of title. In the course of supplemental proceedings to enforce the judgment, the Kovalics did not comply with a subpoena duces tecum requiring production of the original deed. DeWitt Porter moved pursuant to Rule 70 of the Federal Rules of Civil Procedure (FRCP) for relief based on the judgment. The district court found that the Kovalics had attempted to evade the implementation of the declaratory judgment. On September 30, the court ordered Robert and Eleanor to execute a deed for the property in England, transferring its possession to DeWitt Porter. Eleanor did not appeal this order.
 
 
 6
 Eleanor continued to violate the September 30th order. She neither executed the deed as ordered nor delivered the original deed which purportedly conveyed the property to her. On October 15, 1992, the court found her in contempt of court and issued a warrant for her arrest. The court noted that Eleanor could purge the contempt order simply by executing a deed. She did not appeal the contempt order.
 
 
 7
 Over five months later, Eleanor was arrested upon reentering the United States from England. In order to purge the contempt, she executed a Wisconsin quit claim deed, but the deed was ineffective, and, on May 5, 1993, DeWitt Porter asked the court to reinstate its order to transfer the property. The court granted this motion, and she did not appeal.
 
 
 8
 Approximately one month later, the court again found Eleanor in contempt, and, once again, she did not appeal the order. On May 4, 1994, nearly one year later, Eleanor moved for relief from the order to transfer the Shrewsbury property and the subsequent contempt order under Rule 60(b). The district court denied her motion.
 
 
 9
 Eleanor first alleges that the district court's contempt order is void under Rule 60(b)(4). Rule 60(b)(4) authorizes relief from void judgments. Unlike our standard of review in other Rule 60(b) motions (abuse of discretion, Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir. 1991)), we review the district court's Rule 60(b)(4) determination de novo. See United States v. Forma, 42 F.3d 759, 762 (2nd Cir. 1994); Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986). Eleanor appears to argue that the order was void because the district court had neither subject matter jurisdiction nor personal jurisdiction over her.
 
 
 10
 Eleanor argues that the district court was without subject matter jurisdiction because the property which the court ordered be turned over to DeWitt Porter was located in a foreign country, namely England. Her argument stems from a misunderstanding of subject matter jurisdiction. The court's subject matter jurisdiction in this case was based upon diversity of citizenship, and it matters not one whit whether the property was in the United States, in England, or in Tibet. A district court's jurisdiction over property is relevant only in in rem proceedings, which this was not. See Shaffer v. Heitner, 433 U.S. 186, 207-08, 97 S.Ct. 2569, 2581-82 (1977). Moreover, as the Supreme Court stated in United States v. First National City Bank, 379 U.S. 378, 384, 85 S.Ct. 528, 531 (1965), "[o]nce personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property be within or without the United States." Thus, if the district court had personal jurisdiction over Eleanor, it had the power to effectuate its judgment.
 
 
 11
 We thus move quickly to Eleanor's claim that the district court lacked personal jurisdiction over her. This argument is meritless. Personal jurisdiction is waivable, and Eleanor did just that when she voluntarily joined the case as a third-party plaintiff and participated in the litigation. See Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993). We find that the district court had both subject matter and personal jurisdiction, and therefore the district court was correct in denying Eleanor's Rule 60(b)(4) motion.
 
 
 12
 Eleanor also claims that the district court's contempt order should be overturned under Rule 60(b)(5). In pertinent part, that rule allows a court to overturn an order when "it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). This claim is frivolous. By its very terms, the rule requires that the judgment be prospective. See Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990). The district court's contempt order is prospective only because she has failed to effect a transfer of the Shrewsbury real estate. As soon as she does so, she will have purged herself of contempt.
 
 
 13
 Moreover, relief pursuant to Rule 60(b)(5) requires a change in conditions that makes the continued enforcement of the order inequitable. The Money Store, Inc. v. Harriscorp Finance, Inc., 885 F.2d 369, 372-73 (7th Cir. 1989). Eleanor has failed to show any change in conditions since the district court entered its finding of contempt.
 
 
 14
 In a last ditch effort, Eleanor attempts to cling to the catch all provision of Rule 60(b): Rule 60(b)(6). This provision allows a court to relieve a party from its obligations under a final order or judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Relief under Rule (60)(b)(6) is granted only in exceptional circumstances. See Dickerson v. Board of Educ. of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir. 1994). She appears to argue that exceptional circumstances exist for two reasons.
 
 
 15
 First because she has already executed one quit claim deed, which was ineffective, she believes that there is no assurance that the execution of any type of document will suffice to transfer the property. This argument is unavailing. Ordering that a party make more than one attempt to purge herself of a contempt order is not extraordinary. Of course, at some point a party's repeated good faith effort to purge a contempt order will meet her obligation. Nevertheless, DeWitt Porter presented to the district court the documents which it believes will properly effectuate the transfer of the English real estate. At oral argument, counsel for DeWitt Porter assured us that all Eleanor need do is bring the original deed into court and sign the documents that DeWitt Porter has presented.
 
 
 16
 Eleanor also appears to argue that exceptional circumstances exist because she disagrees with the court's underlying judgment. Of course, such an argument is unavailing. She had an opportunity to appeal the court's order that she transfer the property and failed to do so. A Rule 60(b) motion is not a substitute for an appeal, and therefore the district court was correct in denying her 60(b) motion.
 
 
 17
 AFFIRMED.