69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leonard W. KOTWITZ, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General, Defendant-Appellee.
 No. 95-2684.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Oct. 27, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Leonard Kotwitz, a former postal employee, filed a complaint against the United States Postal Service under the Rehabilitation Act of 1973, as amended, 29 U.S.C. Secs. 791, et seq. Following a bench trial, judgment was entered in favor of defendant. Seven years later, the district court denied plaintiff's third motion for a new trial, Fed.R.Civ.P. 60(b)(6), and plaintiff appeals from that order. We affirm.
 
 
 2
 Plaintiff began working for the Postal Service in 1962. In 1980, he was diagnosed with a nerve root compression in his right shoulder. In 1985, the EEOC found that plaintiff was a physically handicapped individual and incapable of carrying a mail satchel bag on his shoulder, and it appears that the Postal Service was ordered to accommodate the shoulder disability.
 
 
 3
 Plaintiff then filed an action in November 1987 under the Rehabilitation Act. After a one-day bench trial in 1988, judgment was entered in favor of defendant, and the court granted defendant's motion to dismiss on the ground that plaintiff had shown no right to relief. The court found that plaintiff had failed to prove that he was a "handicapped individual" under 29 U.S.C. Sec. 706(7)(B), and 29 C.F.R. Sec. 1613.702(a). The court found that plaintiff suffered from a temporary nerve root compression in the right shoulder but that it did not constitute a physical impairment under the statute, and that even if it were an impairment, it did not substantially limit one or more of plaintiff's major life activities. The district court found further:
 
 
 4
 [T]he evidence is overwhelming that the only activity plaintiff could not perform because of his nerve root compression was the [carrying] of a shoulder satchel. He can perform all other work functions ... [P]laintiff's major life work activity was not substantially limited because he could not carry a shoulder satchel. None of plaintiff's other major life activities were affect in any way.
 
 
 5
 In 1990, plaintiff unsuccessfully filed motions to amend the prayer for relief and to amend or reopen the findings and conclusions. In 1991, plaintiff filed a motion for a new trial, which was denied.[2] Plaintiff then filed a second motion for a new trial, which was denied in 1992.[3] The motion for reconsideration was also denied--twice.[4]
 
 
 6
 Now, seven years after trial, plaintiff has brought the present motion (his third) for a new trial. Plaintiff alleges newly discovered evidence, and alleges that his counsel was incompetent for failure to introduce into evidence seven pieces of evidence. The district court denied it, finding that plaintiff had failed to demonstrate the existence of any newly discovered evidence. Plaintiff appeals from that order.
 
 
 7
 The district court properly construed plaintiff's motion as a Rule 60(b) motion for relief from judgment, since a "motion for a new trial" under Fed.R.Civ.P. 59(e) must be filed within 10 days after entry of judgment. Plaintiff argues that he has newly discovered evidence. Even if there were "new" evidence--and we see none--such a motion must be made within one year after entry of judgment, and a court may not extend that time. Fed.R.Civ.P. 60(b); United States v. Deutsch, 981 F.2d 299, 302 (7th Cir.1992).
 
 
 8
 Even if we give construe plaintiff's motion liberally and find that it falls within Fed.R.Civ.P. 60(b)(6), the catchall clause covering "any other reason justifying relief from the operation of the judgment," the motion would still have to be made within a reasonable time. Fed.R.Civ.P. 60(b). Seven years is not a reasonable time, particularly where plaintiff fails to offer any reasonable explanation for the delay. See, e.g., Lee v. Village of River Forest, 936 F.2d 976, 980 (7th Cir.1991) (two-year delay is unreasonable); Sudeikis v. Chicago Transit Authority, 774 F.2d 766, 769 (7th Cir.1985) (eight-year delay is unreasonable).
 
 
 9
 We agree with the district court that seven years after entry of judgment is not a reasonable time. The district court did not abuse its discretion in dismissing this motion as "untimely, duplicative and lacking legal merit."
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff has filed a response, which the court has considered. The appeal has been submitted on the briefs and the record
 
 
 [2]
 This motion alleged that a fraud upon the court had been committed when his attorney failed to introduce into evidence certain pieces of evidence
 
 
 [3]
 This second motion for a new trial alleged fraud again, arguing that plaintiff's attorney mishandled the case by entering into a stipulation with defendant without plaintiff's consent
 
 
 [4]
 The court stated that the record was "devoid of any evidence that plaintiff's attorney perpetuated any fraud upon the court."